IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


ANTHEM SEAFOODS, LLC,

    Plaintiff,

v.

SEAA, INC, and TONY H. KIM,

    Defendants.

No. 3:18-cv-01428-HZ

OPINION & ORDER

Timothy R. Volpert
610 SW Alder Street, Suite 415
Portland, Oregon 97205

    Attorney for Plaintiff

HERNÁNDEZ, District Judge:

    Before the Court are Plaintiff's motions for entry of default judgment [18, 20]. The Court grants the motions and awards a judgment as set forth below.

1- OPINION & ORDER

## BACKGROUND

Plaintiff brings this action for breach of contract and violation of the Oregon Unfair Trade Practices Act, ORS § 64.607 et. seq. Plaintiff harvested and sold anchovies to Defendant SeaA, whose president and sole shareholder is Defendant Kim. Compl. ¶ 7, 12. SeaA paid for some, but not all, of the anchovies it received. *Id.* ¶ 7 Plaintiff now requests the balance on unpaid invoices for anchovies delivered to and received by SeaA.

## STANDARDS

Upon entry of default, all well-pleaded factual allegations of the complaint are taken as true, except those allegations relating to the amount of damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) (same).

Under Rule 55(b)(1), the district court clerk is authorized to enter a default judgment if the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation . . . against a defendant who has been defaulted for not appearing." A sum is certain when "no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 928 (9th Cir. 2004). Under Rule 55(b)(2), the district court has discretion as to whether to enter a default judgment. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 852 (9th Cir. 2007). In exercising its discretion, the court may consider

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.1986). "[D]efault judgments are ordinarily disfavored." *Id.* at 1472.

## DISCUSSION

This case was filed on August 2, 2018. ECF 1. Defendants were served on September 3, 2018. ECF 9, 10. Plaintiff moved for entries of default against Tony Kim and SeaA on December 7, 2018. ECF 12, 14. Magistrate Judge Russo granted the motions on December 10, 2018. ECF 16, 17.

Before the Court are Plaintiff's motions for entry of default judgment. Plaintiff requests $129,962.36,[1] the balance on unpaid invoices, in damages. Plaintiff also requests pre-judgment interest pursuant to ORS § 82.010 and post-judgment interest pursuant to 28 U.S.C. § 1961(a). *See Citicorp Real Estate v. Smith*, 155 F.3d 1097, 1107 (9th Cir. 1998) ("As a general rule, in diversity actions, state law determines the rate of prejudgment interest, and post judgment interest is governed by federal law.").

The Court finds that Plaintiff's request for damages is a sum certain. The Court has also reviewed the declarations in support of the motions, considered the seven factors, and finds that entry of default judgment is warranted. The Court therefore orders that:

(1) Plaintiff shall be awarded damages in the principal sum amount of $129,962.36;

(2) Plaintiff shall be awarded pre-judgment interest on the principal sum amount pursuant to ORS § 82.010, to be calculated a rate of 9% annually beginning on September 21, 2016, until the date this judgment is entered; and

(3) Plaintiff shall be awarded post-judgment interest pursuant to 28 U.S.C. § 1961(a).

//

---

[1] Plaintiff calculated the total unpaid balance at $129,964.35. By the Court's calculation—and a note attached to the Declaration at ECF 23-1 at 1—the correct amount is $129,962.36.

## CONCLUSION

Plaintiff's motions for default judgment [18, 20] are GRANTED. Plaintiff is awarded a judgment as set forth in this opinion.

IT IS SO ORDERED.

Dated this \_\_\_\_29\_\_\_\_ day of \_\_\_\_March\_\_\_\_, 2019.

_____
MARCO A. HERNÁNDEZ
United States District Judge